IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| AKOSSIWA VICTORINE OURO LADJO,<br>    Plaintiff,<br><br>v.<br><br>TYSON FRESH MEATS, INC.,<br>    Defendants. | Case No. 4:19-cv-04196-SLD-JEH |

**Order**

Before the Court is a Motion to Quash a subpoena filed by interested third-party, Edward J. Prill (Prill). (D. 28).[1] For the reasons stated, *infra*, the motion is denied.

**I**

On May 9, 2019, the Plaintiff, Akossiwa Victorine Ouro Ladjo (Ouro Ladjo) filed a *pro se* Complaint alleging the Defendant, Tyson Fresh Meats, Inc. (Tyson), discriminated against her because of her disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. (D. 1). The Court has previously construed her Complaint as alleging three separate ADA claims, including disparate treatment, failure to accommodate, and retaliation. (D. 17 at ECF p. 2). However, the Court dismissed the failure to accommodate claim. *Id* at 4. In her Complaint, Ouro Ladjo alleges, among other things, that Tyson intentionally discriminated against her by terminating her employment. (D. 1 at ECF p. 3).

---

[1] Citations to the docket are abbreviated as "(D. __ at ECF p. __)."

1

During the course of discovery, Ouro Ladjo produced to Tyson a letter from her attorney, Edward Prill, who represented her in a Worker's Compensation case against Tyson. (D. 32 at ECR p. 2). In that letter from Prill to Ouro Ladjo, Prill states, "[Y]ou have notified me that you voluntarily quit your job at Tyson on Monday, May 21, 2018. I did not know that you were going to quit your job until after you had made the decision to do so." (D. 28-1 at ECF p. 7). After receiving this disclosure, Tyson issued a subpoena *duces tecum* to Prill, requesting "[a]ny and all documents (including handwritten or typed notes) relating to the statement in the letter attached hereto to Plaintiff dated May 31, 2018, that 'you have notified me that you voluntarily quit your job at Tyson on Monday, May 21, 2018.'" (D. 28-1 at ECF p, 6).

Prill now seeks to quash that subpoena, making the following argument:

> The information sought by the subpoena is privileged from disclosure, or could be privileged from disclosure pursuant to the Illinois Rules of Professional Conduct, RPC 1.6(a) and 1.9(c)(2). The information that is sought would require Edward Prill to reveal information relating to his representation which the Rules of Professional Conduct do not allow. Accordingly, the subpoena seeks to have counsel violate his duty to a former client and reveal privileged information.

(D. 28 at ECF p. 2).

In response, Tyson argues that Ouro Ladjo waived the attorney-client privilege when she divulged the contents of the May 31, 2018 letter in discovery to Tyson. (D. 32 at ECF p. 2). Tyson argues that the disclosure was neither inadvertent nor accidental, as Ouro Ladjo has made no such argument, either before this Court or in her letter in response to the subpoena sent by her to Tyson's counsel. (D. 32-2 at ECF p. 2).

2

II

Federal Rule of Civil Procedure 45(d)(A)(iii) provides that, on timely motion, a court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies . . ." The attorney-client privilege protects communication between an attorney and her client and, as such, ordinarily is not subject to disclosure by subpoena. *See e.g.*, *Flagstar Bank, FSB v. Freestar Bank, N.A.*, 2009 WL 2706965, *1 (N.D. Ill. Aug. 25, 2009). One who refuses to disclose information based on a claim of privilege bears the burden of establishing that the privilege applies, which includes establishing that the privilege has not been waived. *Id*. at *3. *See Square D. Co. v. E.I. Electronics, Inc.,* 264 F.R.D. 385, 390 (N.D. Ill. 2009), *citing U.S. v. Evans*, 113 F. 3d 1457, 1461 (7th Cir. 1997).

Here, both Prill and Ouro Ladjo fail to establish that the attorney-client privilege was not waived by her disclosure of Prill's letter to Tyson in discovery. Indeed, neither Prill in his motion nor Ouro Ladjo in her letter to Tyson's counsel provide any argument or facts which could support a conclusion that the disclosure did not constitute a waiver of the privilege. "A party may waive privilege by knowingly disclosing privileged communications to a third party." *Medicines Co. v. Mylan, Inc.,* 936 F. Supp. 2d 894, 902 (N.D. Ill. 2013), *citing Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1025 (7th Cir. 2012). Here, there is no question that Ouro Ladjo made the disclosure of the May 31, 2018 to Tyson, and no one argues that the disclosure was inadvertent. *See Medicines Co.,* 936 F. Supp. 2d at 902, *citing Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 388 (7th Cir. 2008) (noting that if a disclosure occurs, a court must then determine whether the disclosure was inadvertent).

The only question that remains is whether the disclosure of the May 31, 2018 letter, which waived the privilege as to that letter, also waived any privilege in the

documents sought by Tyson's subpoena to Prill. "A disclosure may result in a complete subject matter waiver, or may result in a waiver limited to the communication itself." *Medicines Co.*, 936 F. Supp. 2d at 902, *citing Appleton Papers*, 702 F.3d at 1025. In determining the scope of a waiver, courts look to "fairness" considerations, which include the risk that "a limited disclosure of privileged communications, if permitted, might result in a party's use of privileged communications in support of its position and simultaneous concealment of communications that do not." *Id*, *citing Fort James Corp. v. Solo Cup Co.* 412 F.3d 1340, 1349 (Fed. Cir. 2005). Whether a party disclosed information in order to gain a tactical advantage in litigation may also inform the fairness determination. *Id.*, *citing In re von Bulow*, 828 F.2d 94, 101 (2d Cir. 1987).

Here, Ouro Ladjo's waiver of the attorney-client privilege extends to the information sought by the subpoena. First, the question of whether she was terminated, as she asserts in her Complaint, or voluntarily quit her job, as the Prill letter states, goes to a central allegation in this case. Ouro Ladjo's voluntary disclosure of the letter, which contradicts the allegation in her Complaint, raises a serious question regarding the circumstances surrounding the end of her employment with Tyson. It would be unfair to Tyson to allow Ouro Ladjo to inject this factual question into the case, but prevent Tyson from further exploring the basis for Prill's statement that Ouro Ladjo voluntarily left her employment.

Second, Tyson's subpoena is narrow in scope. It does not seek every communication between Prill and Ouro Ladjo which relate to the Worker's Compensation claim. Rather, it is narrowly tailed to "[a]ny and all documents (including handwritten or typed notes) relating to the statement in the letter attached hereto to Plaintiff dated May 31, 2018, that 'you have notified me that you voluntarily quit your job at Tyson on Monday, May 21, 2018.'" (D. 28-1 at ECF p, 6). In other words, Tyson only seeks information directly related to a single

statement contained in the letter—not some general fishing expedition of potentially privileged information irrelevant to the claims or defenses in this case.

The Court therefore finds that the balance of fairness factors tip in favor of a subject-matter waiver concerning communications regarding the circumstances of Ouro Ladjo's departure from Tyson.

### III

For the reasons stated, *supra*, the Motion to Quash (D. 28) is denied.

*It is so ordered.*

Entered: October 19, 2020

s/Jonathan E. Hawley
U.S. Magistrate Judge